SHEARMAN & STERLING LLP
Fredric Sosnick
Randall Martin
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000

*Attorneys for the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 15 |
| **LUPATECH S.A.,** | Case No. 16-[●] |
| Debtor in a Foreign Proceeding. | |
| **In re:** | Chapter 15 |
| **LUPATECH FINANCE LIMITED,** | Case No. 16-[●] |
| Debtor in a Foreign Proceeding. | |
| **In re:** | Chapter 15 |
| **LUPATECH – EQUIPAMENTOS E SERVIÇOS PARA PETRÓLEO LTDA.,** | Case No. 16-[●] |
| Debtor in a Foreign Proceeding. | |
| **In re:** | Chapter 15 |
| **MIPEL INDÚSTRIA E COMÉRCIO DE VÁLVULAS LTDA,** | Case No. 16-[●] |
| Debtor in a Foreign Proceeding. | |

**FOREIGN REPRESENTATIVE'S MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 15 CASES**

Ricardo Doebeli, in his capacity as the authorized foreign representative (the "**Foreign Representative**") for the above-captioned debtors (collectively, the "**Debtors**")[1] in a proceeding (the "**Foreign Proceeding**") commenced in the Federative Republic of Brazil pursuant to Federal Law 11.101 of February 9, 2005 (the "**Brazilian Insolvency Law**") (pending before the First Chamber of Bankruptcy, Judicial Recovery and Arbitration Disputes of the Comarca Forum of São Paulo), submits this motion (this "**Motion**"), by and through his undersigned counsel, for entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (a) authorizing and directing the joint administration of the Debtors' related chapter 15 cases for procedural purposes only, and (b) granting certain related relief. In support of this Motion, the Foreign Representative refers the Court to the statements contained in the *Declaration of Ricardo Doebeli in Support of (I) Verified Chapter 15 Petitions, (II) Foreign Representative's Motion for Order Granting Final Relief in Aid of a Foreign Proceeding, and (III) Certain Related Relief* (the "**Doebeli Declaration**"), which was filed concurrently herewith and is incorporated herein by reference. In further support of the relief requested herein, the Foreign Representative respectfully represents as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction to consider this Motion pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference

---

[1] The last four digits of the Taxpayer Registration Number or Tax ID, as applicable, of each of the Debtors follow in parentheses: (a) Lupatech S.A. (01-12); (b) Lupatech – Equipamentos e Serviços para Petróleo Ltda. (01-04); (c) Mipel Indústria e Comércio de Válvulas Ltda. (01-00); and (d) Lupatech Finance Limited (none). The Debtors' collective executive headquarters is located at Rua Alcides Lourenço da Rocha, 167 8o andar, Conjunto 81, São Paulo, Brazil.

2

from the United States District Court for the Southern District of New York dated as of January 31, 2012. These chapter 15 cases have been properly commenced, pursuant to section 1504 of title 11 of the United States Code, (as amended from time to time, the "**Bankruptcy Code**"), by the filing of petitions for recognition of the Foreign Proceeding pursuant to section 1515 of the Bankruptcy Code. This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code. Venue is proper in this District pursuant to section 1410 of title 28 of the United States Code. The statutory predicate for the relief requested herein is Bankruptcy Rule 1015(b).

## Background

2. Lead Debtor Lupatech S.A. is the direct or indirect parent company of each of the other Debtors and all of their non-debtor affiliates. Collectively, these companies form the Lupatech Group, a provider of highly technical components and related specialized services to the oil and gas industries.

3. On the date hereof (the "**Petition Date**"), the Foreign Representative commenced these chapter 15 cases by filing, among other things, the verified Petitions for Recognition, seeking recognition of the Foreign Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code. Detailed information about the Debtors' business and operations, the events leading to the Petition Date, and the facts and circumstances surrounding the Foreign Proceeding and these chapter 15 cases is set forth in the Doebeli Declaration.

## Relief Requested

4. By this Motion, the Foreign Representative respectfully requests that the Court enter an order pursuant to Bankruptcy Rule 1015(b) directing the joint administration of these chapter 15 cases for procedural purposes only. Nothing contained in this Motion should be

3

construed as a request for substantive consolidation of these chapter 15 cases. The Foreign Representative further requests that the caption of these chapter 15 cases be modified to reflect their joint administration. A proposed consolidated caption for all notices, applications, motions, and other pleadings (the "**Proposed Caption**"), which the Foreign Representative asks that the Court find satisfies the requirements of section 342(c)(1) of the Bankruptcy Code, is as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
| | | |
|---|---|---|
| **In re:** | : | **Chapter 15** |
| | : | |
| **LUPATECH S.A.,** *et al.*,[1] | : | **Case No. 16-[●] (__)** |
| | : | |
| **Debtors in a Foreign Proceeding.** | : | **(Jointly Administered)** |
| | : | |
------------------------------------------------------------ x

---

[1] The last four digits of the Taxpayer Registration Number or Tax ID, as applicable, of each of the Debtors follow in parentheses: (a) Lupatech S.A. (01-12); (b) Lupatech – Equipamentos e Serviços para Petróleo Ltda. (01-04); (c) Mipel Indústria e Comércio de Válvulas Ltda. (01-00); and (d) Lupatech Finance Limited (none). The Debtors' collective executive headquarters is located at Rua Alcides Lourenço da Rocha, 167 8o andar, Conjunto 81, São Paulo, Brazil.

5.  In addition, the Foreign Representative requests that the Court authorize and direct that the following notation be entered on the docket for each of the Debtors' chapter 15 cases, except in the case of lead-Debtor Lupatech S.A., to evidence the joint administration of these chapter 15 cases:

> An order has been entered in this case directing the joint administration, for procedural purposes only, of the chapter 15 cases listed below. The docket of Lupatech S.A. in Case No. (16-[●]) should be consulted for all matters affecting this case. The following chapter 15 cases are jointly administered pursuant to the joint administration order:
>
> Lupatech S.A., Case No. (16-[●]); Lupatech – Equipamentos e Serviços para Petróleo Ltda, Case No. (16-[●]); Lupatech Finance Limited, Case No. (16-[●]); Mipel Indústria e Comércio de Válvulas Ltda, Case No. (16-[●]).

4

6. The Foreign Representative also requests that the Court authorize him to use a combined service list for the jointly administered cases and that combined notices be sent to the Debtors' creditors and other parties in interest, as applicable.

**Basis for Relief**

7. An order of joint administration relates to the routine administration of multiple cases and may be entered by the Court on an *ex parte* basis. Bankruptcy Rule 1015(b) provides, in relevant part, "if a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors, consisting of a parent corporation and its wholly owned subsidiaries, are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief requested herein.

8. The Doebeli Declaration establishes that joint administration of these chapter 15 cases (a) is warranted because the Debtors' financial affairs and business operations are closely related and (b) will ease the administrative burden of these chapter 15 cases on the Court and interested parties. Courts in this jurisdiction and others have approved relief similar to that requested herein in other chapter 15 cases and such relief is common in these matters. *See, e.g.*, *In re OIC Run-off Ltd. & the London & Overseas Ins. Co. Ltd.*, No. 15-13054 (SCC) (Bankr. S.D.N.Y. Nov. 19, 2015); *In re Lupatech S.A., et al.*, No. 14-11559 (SMB) (Bankr. S.D.N.Y. May 28, 2014); *In re The John Forsyth Shirt Co. Ltd., et al.*, No. 13-10526 (SCC) (Bankr. S.D.N.Y. Feb. 27, 2013); *In re Fairfield Sentry Ltd., et al.*, No. 10-13164 (BRL) (Bankr. S.D.N.Y. June 17, 2010).

9. The Foreign Representative anticipates that the various notices, motions, hearings, orders, and other pleadings in these chapter 15 cases will affect all of the Debtors. If

5

not jointly administered, with five affiliated Debtors, each with its own case docket, these chapter 15 cases would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be wasteful and would unnecessarily burden the Clerk of the Court (the "**Clerk**").

10. Joint administration will permit the Clerk to use a single docket for all of the Debtors' cases and to combine notices to creditors and other parties in interest. Joint administration also will protect parties in interest in these chapter 15 cases by ensuring that they will be apprised of the various matters before the Court in these chapter 15 cases. The Foreign Representative further requests that the Proposed Caption set forth above be approved as the modified caption for these chapter 15 cases.

11. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these chapter 15 cases inasmuch as the relief sought herein is purely procedural and not intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular Debtor against which it allegedly has a claim or right. Indeed, creditors will benefit from the reduction in costs resulting from joint administration. The Court and the Clerk also will be relieved of the burden of entering duplicative orders and keeping duplicative files, and supervision of the administrative aspects of these chapter 15 cases by the Office of the United States Trustee for the Southern District of New York will be simplified.

12. Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last four digits of the taxpayer identification number of the debtor." The Proposed Caption

6

contains all of the required information, to the extent applicable, and therefore satisfies section 342(c) of the Bankruptcy Code.

### Notice

13. Notice of this Motion has been provided to: (a) the Debtors' Brazilian court-appointed judicial administrator, Alta Administração Judicial Ltd; (b) counsel to The Bank of New York Mellon as Indenture Trustee under the Debtors' 3% Notes dated as of October 8, 2014, (as amended, modified, or supplemented from time to time, the "**3 Notes Indenture**"); (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; and (e) the Office of the United States Trustee for the Southern District of New York. The Foreign Representative requests that the Court grant this Motion without further notice. The Foreign Representative proposes to notify creditors and parties in interest of the filing of the verified chapter 15 Petitions and the Foreign Representative's request for entry of an order recognizing the Foreign Proceeding as a foreign main proceeding in the form and manner set forth in the *Foreign Representative's Motion for Order Scheduling Hearing and Specifying the Form and Manner of Service of Notice*, which was filed concurrently herewith. In light of the nature of the relief requested herein, the Foreign Representative submits that no other or further notice of this Motion is necessary or required.

### No Prior Request

14. No prior request for the relief sought in this Motion has been made to this or any other court.

**Conclusion**

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: New York, New York<br>April 27, 2016 | Respectfully submitted,<br><br>/s/ Fredric Sosnick<br>SHEARMAN & STERLING LLP<br>Fredric Sosnick<br>Randall Martin<br>599 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 848-4000<br>Facsimile: (646) 848-8174 |

# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 15** |
| | : | |
| **LUPATECH S.A.,** | : | **Case No. 16-[●]** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |
| **In re:** | : | **Chapter 15** |
| | : | |
| **LUPATECH FINANCE LIMITED,** | : | **Case No. 16-[●]** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |
| **In re:** | : | **Chapter 15** |
| | : | |
| **LUPATECH – EQUIPAMENTOS E SERVIÇOS PARA PETRÓLEO LTDA,** | : | **Case No. 16-[●]** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |
| **In re:** | : | **Chapter 15** |
| | : | |
| **MIPEL INDÚSTRIA E COMÉRCIO DE VÁLVULAS LTDA,** | : | **Case No. 16-[●]** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |

**ORDER DIRECTING JOINT ADMINISTRATION OF
THE DEBTORS' CHAPTER 15 CASES**

Upon consideration of the motion (the "**Motion**")[1] of Ricardo Doebeli, in his capacity as the authorized foreign representative (the "**Foreign Representative**") for the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

above-captioned debtors (collectively, the "**Debtors**")[2] in a proceeding commenced in the Federative Republic of Brazil pursuant to Federal Law 11.101 of February 9, 2005 (pending before the First Chamber of Bankruptcy, Judicial Recovery and Arbitration Disputes of the Comarca Forum of São Paulo), for the entry of an order (this "**Order**"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, authorizing and directing the joint administration of the Debtors' chapter 15 cases for procedural purposes only; and upon consideration of the *Declaration of Ricardo Doebeli in Support of (I) Verified Chapter 15 Petitions, (II) Foreign Representative's Motion for Order Granting Final Relief in Aid of a Foreign Proceeding, and (III) Certain Related Relief;* and it appearing that this Court has jurisdiction to consider the Motion pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January 31, 2012; and no notice of the Motion being required under the circumstances; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, and will further the objectives of chapter 15 of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor;

      **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

  1.  The Motion is granted.

  2.  These chapter 15 cases are consolidated for procedural purposes only and shall be jointly administered by this Court.

---

[2] The last four digits of the Taxpayer Registration Number or Tax ID, as applicable, of each of the Debtors follow in parentheses: (a) Lupatech S.A. (01-12); (b) Lupatech – Equipamentos e Serviços para Petróleo Ltda. (01-04); (c) Mipel Indústria e Comércio de Válvulas Ltda. (01-00); and (d) Lupatech Finance Limited (none). The Debtors' collective executive headquarters is located at Rua Alcides Lourenço da Rocha, 167 8o andar, Conjunto 81, São Paulo, Brazil.

3. The Clerk of this Court shall maintain one file and one docket for these jointly administered cases, which file and docket for all of these chapter 15 cases shall be the file and docket for Lupatech S.A., Case No. (16-[●]).

4. All pleadings and other papers filed in these chapter 15 cases shall bear a consolidated caption in the following form:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
| **In re:** | : | **Chapter 15** |
| | : | |
| **LUPATECH S.A.,** *et al.*,[1] | : | **Case No. 16-[●] (__)** |
| | : | |
| **Debtors in a Foreign Proceeding.** | : | **(Jointly Administered)** |
| | : | |
---------------------------------------------------------------- x

---

[1] The last four digits of the Taxpayer Registration Number or Tax ID, as applicable, of each of the Debtors follow in parentheses: (a) Lupatech S.A. (01-12); (b) Lupatech – Equipamentos e Serviços para Petróleo Ltda. (01-04); (c) Mipel Indústria e Comércio de Válvulas Ltda. (01-00); and (d) Lupatech Finance Limited (none). The Debtors' collective executive headquarters is located at Rua Alcides Lourenço da Rocha, 167 8o andar, Conjunto 81, São Paulo, Brazil.

5. The consolidated caption satisfies the requirements of Bankruptcy Code Section 342(c) in all respects.

6. A docket entry shall be made on the docket for each of the Debtors' cases, except in the case of Lupatech S.A., as follows:

> An order has been entered in this case directing the joint administration, for procedural purposes only, of the chapter 15 cases listed below. The docket of Lupatech S.A. in Case No. (16-[●]) should be consulted for all matters affecting this case. The following chapter 15 cases are jointly administered pursuant to the joint administration order:
>
> Lupatech S.A., Case No. (16-[●]); Lupatech – Equipamentos e Serviços para Petróleo Ltda, Case No. (16-[●]); Lupatech Finance

3

   Limited, Case No. (16-[●]); Mipel Indústria e Comércio de Válvulas Ltda, Case No. (16-[●]).

   7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effectuating a substantive consolidation of the Debtors in any of these chapter 15 cases.

   8. The Foreign Representative (or any lawful successor thereto) is authorized to (a) utilize a combined service list for the Debtors' jointly administered cases and (b) send combined notices to creditors of the Debtors' estates and other parties in interest as applicable.

   9. The Foreign Representative (or any lawful successor thereto) is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

   10. This Court shall retain jurisdiction with respect to any and all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
   _____, 2016

             _____
             UNITED STATES BANKRUPTCY JUDGE